THIS ORDER IS APPROVED.

Dated: May 30, 2019

Brenda Moody Whinery, Chief Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FRANK DANIEL KRESOCK, Jr.,<br><br>    Debtor. | Chapter 7 Proceeding<br><br>Case No. 0:16-bk-08631-BMW |
| ILENE J. LASHINSKY, UNITED STATES TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK DANIEL KRESOCK, Jr.,<br><br>    Defendant. | Adversary Case No. 0:19-ap-00091-BMW<br><br>**RULING AND ORDER REGARDING DEBTOR'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND MOTION TO ENLARGE TIME** |

    This matter came before the Court pursuant to the *Debtor's Motion to Set Aside Default Judgment and Motion to Enlarge Time* (the "Motion") (Dkt. 14) filed by Frank Daniel Kresock, Jr. (the "Debtor") on May 10, 2019, in which the Debtor asks the Court to set aside the *Judgment Denying Discharge of Debtor/Defendant Frank Daniel Kresock* (the "Default Judgment") (Dkt. 13), and the *United States Trustee's Objection to Debtor's Motion to Set Aside Default Judgment and Motion to Enlarge Time* (the "Objection") filed by the United States Trustee (the "UST") on May 19, 2019, in which the UST argues that the Debtor has failed to carry his burden of establishing a basis upon which the Court should set aside the Default Judgment.

    On May 21, 2019, the Court held a hearing on the Motion at which time oral arguments were presented by the Debtor and counsel for the UST. At the conclusion of the hearing, the

Court took this matter under advisement. Based upon the entire record before the Court, the Court now issues its ruling and order.

**I.  Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

**II.  Factual and Procedural Background**

1. On July 27, 2016, the Debtor filed a voluntary petition for relief under the Bankruptcy Code.

2. During the pendency of the Debtor's bankruptcy case, the UST sought four extensions of time to file a complaint to deny discharge pursuant to § 727[1] against the Debtor, all of which were approved by the Court. (Admin Dkts. 246, 275, 356, 427, 453, 508, 621, 661).[2] The order granting the final extension provides, in part, as follows:

> The deadline for both the US Trustee and the Chapter 7 Trustee to file a 727 complaint is extended to the earlier of: (1) thirty (30) days after the date Judge Wanslee issues a ruling in the trial on the IRS tax claim …; or (2) May 31, 2109.

Judge Wanslee's ruling was entered on February 7, 2019 (Admin. Dkt. 701).

3. On March 11, 2019, the UST filed a *Complaint to Deny Debtor's Discharge Under 11 U.S.C. § 727* (the "Complaint") (Dkt. 1), commencing this adversary proceeding.

4. On March 12, 2019, the Bankruptcy Clerk's Office issued a summons (the "Summons"). (Dkt. 2).

5. On March 14, 2017, the UST sent the Complaint and Summons by first class mail, postage prepaid, to the Debtor at 1413 W. 16th Street, Parker, AZ 85344 (the "16th Street Address"), which is the address on file for the Debtor and is the address the Debtor has acknowledged is his current address. (Dkt. 23; 5/21/2019 Hearing Tr. 17:11-13).

6. The Debtor did not timely respond to the Complaint.

7. On April 17, 2019, the UST filed an *Application for Entry of Default* (the "Application") (Dkt. 6) and *Declaration in Support of Application for Entry of Default* (the

---

[1] Unless otherwise indicated, statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.
[2] References to "Admin Dkt." refer to the administrative docket in case 0:16-bk-08631-BMW.

"Declaration") (Dkt. 7), and served the Application and Declaration on the Debtor at the 16th Street Address via first class mail.

8. On April 18, 2019, the Bankruptcy Clerk's Office entered default against the Debtor (the "Entry of Default"). (Dkt. 8). The Entry of Default was mailed to an old address for the Debtor, not the 16th Street Address.

9. On April 22, 2019, the UST filed a *Motion for Default Judgment* (the "Motion for Default Judgment) (Dkt. 11) and sent the Motion for Default Judgment by first class mail to the Debtor at the 16th Street Address. (Dkt. 11). On the same date, the UST lodged a proposed form of judgment and mailed copies of the notice of lodging and proposed form of judgment by first class mail to the Debtor at the 16th Street Address. (Dkt. 12).

10. On April 25, 2019, the Court granted the Motion for Entry of Default Judgment. (Dkt. 13).

11. On April 28, 2019, the Default Judgment was sent to the Debtor by electronic mail.[3] (Admin. Dkt. 718).

12. On May 10, 2019, the Debtor filed the Motion, in which he argues that the Default Judgment should be set aside based on excusable neglect and improper service.

13. On May 19, 2019, the UST filed the Objection, in which she maintains that the Debtor was properly served with the Complaint and Summons, and in which she argues that the Debtor has not offered a meritorious defense or set forth extraordinary circumstances warranting the setting aside of the Default Judgment.

14. On May 21, 2019, the Court held a hearing on the Motion at which time the Debtor expressed confusion over filing deadlines, indicating that he had until May 31, 2019 to file a response to the Complaint. (5/21/2019 Hearing Tr. 11:20-12:5). The Debtor also maintained that he had not been properly served with the Complaint, i.e. he had not received it, although he could not explain why he had not received the Complaint given that it was sent to his current address. (5/21/2019 Hearing Tr. 16:15-18:10). The Debtor further argued that if given the opportunity to respond to the Complaint, he would set forth his argument as to why his discharge should not be

---

[3] The Debtor signed up to receive notices and orders from the Court via email. (Admin. Dkt. 513).

denied. (5/21/2019 Trial Tr. 31:13-22). Counsel for the UST noted that the Debtor had chosen to proceed without counsel and argued that the Debtor had not established excusable neglect or overcome the presumption that the Complaint was received. (5/21/2019 Hearing Tr. 25:11-27:22).

### III. Legal Analysis & Conclusions of Law

Pursuant to Federal Rule of Civil Procedure 55(c), as incorporated by Federal Rule of Bankruptcy Procedure 7055, the Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under [Federal Rule of Civil Procedure] 60(b)."[4] Rule 60(b) allows the Court to relieve a party from a final judgment for, among other things, denial of due process, "excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(4), (b)(6); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d 158 (2010) (recognizing that Rule 60(b)(4), which allows a court to set aside a judgment that is void, applies to situations in which a judgment is entered in violation of a party's due process rights).

  1. <u>Denial of Due Process</u>

The requirements for service of process upon a debtor in an adversary proceeding are set forth in Federal Rule of Bankruptcy Procedure 7004(b)(9), which provides that "service may be made within the United States by first class mail postage prepaid . . . to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing."

"Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee." *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991) (quoting *In re Ricketts*, 80 B.R. 495, 498-99 (Bankr. 9th Cir. 1987) (Jones, J. concurring)). A certificate of service constitutes prima facie evidence of proper service of process. *See id.* "The presumption [of proper service] can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished." *Id.*

The UST properly served the Debtor with the Complaint and Summons by mailing copies of each by first class mail, postage prepaid, to the Debtor at the mailing address on file with the

---

[4] Federal Rules of Civil Procedure will hereinafter be referred to as "Rules."

Court, which address the Debtor has acknowledged is his current mailing address. The UST filed a certificate of service, which certificate constitutes prima facie evidence of proper service of process. The Debtor has not offered any argument or explanation to overcome this presumption.

2. <u>Excusable Neglect</u>

When determining whether to set aside an entry of default for good cause or a default judgment for excusable neglect, courts in the Ninth Circuit consider the following factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). These three factors are known as the *Falk* factors.

A court has discretion to deny a motion to set aside an entry of default or default judgment based upon any of the three *Falk* factors. *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991). However, "[t]he determination of what conduct constitutes 'excusable neglect' under Rule 60(b)(1) and similar rules 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Brandt*, 653 F.3d at 1111 (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

With respect to the first *Falk* factor, given the procedural posture of this adversary, there will be minimal prejudice to the UST based on the short delay and minor expense caused by the Debtor's failure to respond to the Complaint. This is especially true given that the Court afforded the UST multiple extensions of time to file the complaint seeking denial of discharge under § 727 against the Debtor.

With respect to the second *Falk* factor, the Debtor may or may not have a meritorious defense, but the Court will weigh this factor lightly under these circumstances. The Debtor has asserted his belief that he does not meet the criteria warranting denial of a discharge and has asked the Court to give him the opportunity to respond to the Complaint. A complaint brought under § 727 is one of the most serious civil actions that can be brought against a debtor and the Code imposes a heavy burden on a party objecting to entry of a discharge. *See In re Retz*, 606

F.3d 1189, 1196 (9th Cir. 2010). Furthermore, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.

With respect to the final *Falk* factor, as noted above, the Debtor was properly served with the Complaint and Summons and he failed to timely respond to the Complaint. He did, however, seem confused as to the date a response was due, indicating that he had until May 31, 2019, to file such response. It therefore appears that the Debtor confused the date to file a response to the Complaint with the deadline to a complaint objecting to discharge. Accordingly, it is unclear whether there was culpable conduct leading to the Entry of Default and entry of the Default Judgment. *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991). In any event, although the Court has discretion to deny a defaulting defendant relief under Rule 55(c) or Rule 60(b) upon a finding of the defendant's culpability, the Court is not required to deny such relief based solely upon such finding. *Brandt*, 653 F.3d at 1112.

Given the strong public policy favoring decisions on the merits, the minimal prejudice to the UST, and the severity of a denial of discharge pursuant to § 727, the Court determines that it is appropriate to aside the Clerk's Entry of Default and Default Judgment and allow the Debtor a short period of time to respond to the Complaint.

Wherefore, based upon the foregoing and for good cause shown;

**IT IS ORDERED** that the Motion is granted, and that the Clerk's Entry of Default and Default Judgment are set aside.

**IT IS FURTHER ORDERED** that the Debtor is granted twenty-one (21) days from entry of this order, which date is June 20, 2019, to file an answer to the Complaint. If an answer is not timely filed, the Clerk's Entry of Default and the Default Judgment will be reinstated by the Court.

**DATED AND SIGNED ABOVE.**

/ / /

/ / /

| | |
|---|---|
| 1 | Notice to be sent through the Bankruptcy Noticing Center ("BNC") to the following: |
| 2 | |
| 3 | Frank Daniel Kresock, Jr.<br>1413 W 16th St |
| 4 | Parker, AZ  85344-6310 |
| 5 | |
| 6 | Notice of Electronic Filing to be sent via email, through the CM/ECF System, to the following registered users: |
| 7 | |
| 8 | Frank Daniel Kresock, Jr.; Email address:  thecvcenter@yahoo.com |
| 9 | Renee Sandler Shamblin, Office of the U.S. Trustee<br>*Counsel for Ilene J. Lashinsky, United States Trustee* |
| 10 | |
| 11 | Rika Valdman, United States Department of Justice, Tax Division |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |